UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMIE MUFFETT, a single person, individually and d/b/a "JLM Talent, LLC," a Washington limited liability company;<br><br>                 Plaintiffs,<br><br>v.<br><br>CITY OF YAKIMA, by and through the members of its City Council; RICHARD ZAIS, in his capacity as City Manager; and JOHN DOES NOS. 1-20;<br><br>                 Defendants. | NO: CV-10-3092-RMP<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION TO STRIKE |

**INTRODUCTION**

Before the Court are the Defendants' Motion for Summary Judgment, ECF No. 27, Motion to Strike, ECF No. 50, and Motion to Expedite, ECF No. 50. The Court has reviewed the pleadings and the file and is fully informed.

**BACKGROUND**

Plaintiff Jamie Muffett is the sole owner of Plaintiff JLM Talent, LLC. ECF No. 31 at 7. Mr. Muffett sought to open an adult entertainment business in the City of Yakima. ECF No. 31 at 12. On March 18, 2010, Mr. Muffett submitted his application for a "type (2)" review as required by Yakima ordinance. ECF No. 31 at 20-21, 52-64. Mr. Muffett met with an Associate Planner for Yakima, Vaughn McBride. ECF No. 31 at 26. Mr. McBride mentioned that Mr. Muffett's application was going to be referred to a hearing examiner. ECF No. 31 at 22, 25 The city planning staff determined that instead of a type (2) review, the process would go through a type (3) review involving a notice and comment process and a public hearing. ECF No. 31 at 24.

The hearing occurred on May 28, 2010. ECF No. 31 at 23. Mr. Muffett attended the hearing and had an opportunity to provide material for the record. ECF No. 31 at 27-28. The hearing examiner issued his decision on July 6, 2010. ECF No. 31 at 99-164. The hearing examiner concluded that the adult business would not be permitted by ordinance because it was not compatible with the character of existing family and tourist-oriented sites in the surrounding district. ECF No. 31 at 164.

On July 22, 2010, Mr. Muffett filed a notice of appeal of the hearing examiner's decision. ECF No. 31 at 166-67. On September 7, 2010, Mr. Muffett

attended and spoke at a public hearing in front of the City Council. ECF No. 31 at 29. The City Council voted unanimously to uphold the Hearing Examiner's decision. ECF No. 31 at 171.

Plaintiffs filed their original complaint on October 7, 2010, and their First Amended Complaint on January 24, 2011. ECF Nos. 1, 2. In the First Amended Complaint, the Plaintiffs allege claims for constitutional violations under 42 U.S.C. § 1983, allege claims for damages under RCW 64.40.020, and seek review of the City Council's decision under RCW 36.70C.

The Defendants filed the present motion for summary judgment on June 24, 2011. ECF No. 27. Mr. Muffett filed a "declaration" in response to the motion on August 5, 2011. ECF No. 43. The "declaration" was signed by Mr. Muffett but does not contain any clause stating that it is made with personal knowledge or under penalty of perjury. *See* ECF No. 43. The Defendants moved to strike the declaration as untimely and improperly presented. ECF No. 48.

## DISCUSSION

**Motion to Strike**

The Defendants have moved to strike Mr. Muffett's late-filed declaration, ECF No. 43. The Defendants assert that it should be stricken because it is untimely and because it was not made under penalty of perjury. Alternatively, if the Court declines to strike the document in total, the Defendants ask the Court to

not consider various statements within the declaration because they are inadmissible under the rules of evidence.

The present Motion for Summary judgment was filed on June 24, 2011. Under LR 7.1, the Plaintiffs' response was due 21 days after the motion was served. The Plaintiffs' response was due on July 15, 2011. Mr. Muffett did not respond until August 9, 2011. Accordingly, his response is untimely.

The second argument in favor of the Motion to Strike is that Mr. Muffett's declaration is not signed under penalty of perjury and that there is no evidence that it was a sworn statement. Rule 56 provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "An affidavit is a sworn declaration." *Aden v. Holder*, 589 F.3d 1040, 1043 (9th Cir. 2009) (citing BLACK'S LAW DICTIONARY 66 (9th ed. 2009)). Here, there is no evidence that the filed declaration was a sworn statement. Where a sworn declaration or affidavit is required, an unsworn declaration may be submitted if the declarant subscribes in writing and dates that the declaration is true under penalty of perjury. 28 U.S.C. § 1746. Here, the declaration contains no clause stating that the declaration is made under penalty of perjury. *See* ECF No. 43.

1   The Defendants urge the Court to strike the declaration in light of its
2   untimeliness and failure to be sworn or made under penalty of perjury. Rather than
3   strike the declaration, the Court recognizes that the unsworn declaration, ECF No.
4   43, fails to present any admissible evidence in opposition to the Defendants'
5   Motion for Summary Judgment. Accordingly, the Court will deny the Motion to
6   Strike, but will not consider any of the declaration as evidence in opposition to the
7   Motion for Summary Judgment.

**Motion for Summary Judgment**

Under Rule 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *FreecycleSunnyvale v. Freecycle Network*, 626 F.3d 509, 514 (9th Cir. 2010) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving

party's case." *Id.* (citing *Celotex*, 477 U.S. at 325). "Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." *Id.* (citing *Celotex*, 477 U.S. at 324).

"If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2). In light of the Court's ruling that Mr. Muffett's declaration, ECF No. 43, contains no evidence, the Court will accept the evidence provided by the Defendants as true.

The Defendants' primary argument in favor of summary judgment is that the Plaintiffs failed to avail themselves of Washington's exclusive avenue of review for land use decisions: the Land Use Petition Act ("LUPA"). LUPA states that it "shall be the exclusive means of judicial review of land use decisions." RCW 36.70C.030(1). There are a few exceptions to this rule including for:

> Claims provided by any law for monetary damages or compensation. If one or more claims for damages or compensation are set forth in the same complaint with a land use petition brought under this chapter, the claims are not subject to the procedures and standards, including deadlines, provided in this chapter for review of the petition. The judge who hears the land use petition may, if appropriate, preside at a trial for damages or compensation

RCW 36.70C.030(1)(c). However, "claims for damages based on a LUPA claim must be dismissed if the LUPA claim fails." *Mercer Island Citizens for Fair*

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION TO STRIKE ~ 6

*Process v. Tent City 4*, 156 Wn. App. 393, 405 (2010); *Asche v. Bloomquist*, 132 Wn. App. 784, 801 (2006) (Plaintiff's damages claim for public nuisance barred by LUPA where "public nuisance claim depend[ed] entirely upon finding the building permit violate[d] the zoning ordinance.").

"A land use petition is barred, and the court may not grant review, unless the petition is timely filed with the court and timely served." RCW 36.70C.040(2). A petition under LUPA "is timely if it is filed and served . . . within twenty-one days of the issuance of the land use decision." RCW 36.70C.040(3). The definition of "land use decision" includes final determinations by local agencies authorized to hear appeals of zoning decisions. RCW 36.70C.020(2). If a LUPA petition is untimely, then a claim for damages based on that LUPA claim must be dismissed. *Tent City 4*, 156 Wn. App. at 405.

The Plaintiffs assert three claims in their First Amended Complaint: (1) a claim for review of the City Council's decision under LUPA; (2) a claim for damages under RCW 64.40.020; and (3) a claim under § 1983 for constitutional violations. Summary judgment is appropriate for the Plaintiffs' LUPA review claim because the Plaintiffs' claim is untimely. The City Council issued its decision on September 7, 2010. ECF No. 31 at 171. The City Council's decision was a land use decision under LUPA. *See* RCW 36.70C.020. The Plaintiffs filed

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION TO STRIKE ~ 7

this action on October 7, 2010.  ECF No. 1.  Accordingly, the LUPA action was filed more than twenty-one days after the land use decision and is untimely.

The Plaintiffs' next claim is for damages under RCW 64.40.020.  That statute reads:

> Owners of a property interest who have filed an application for a permit have an action for damages to obtain relief from acts of an agency which are arbitrary, capricious, unlawful, or exceed lawful authority, or relief from a failure to act within time limits established by law: PROVIDED, That the action is unlawful or in excess of lawful authority only if the final decision of the agency was made with knowledge of its unlawfulness or that it was in excess of lawful authority, or it should reasonably have been known to have been unlawful or in excess of lawful authority.

RCW 64.40.020(1).  A cause of action under RCW 64.40.020 necessarily relies on the validity of the land use decision.  Accordingly, because LUPA provides the exclusive avenue for review of such decisions, the Plaintiffs' claim under RCW 64.40.020 is barred because the Plaintiffs' did not file their LUPA petition in a timely manner.  *Asche*, 132 Wn. App. at 801.

The Plaintiffs' next claim is under § 1983.  Section 1983 provides a private right of action for an individual where that individual's constitutional rights were violated by an actor acting under color of state law.  § 1983.  In their First Amended Complaint, the Plaintiffs allege that the Defendants "violated plaintiffs' due process of law rights, in contravention of the First, Fifth and Fourteenth

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS'
MOTION TO STRIKE ~ 8

Amendment," and the Plaintiffs seek redress under § 1983. ECF No. 2 at 6, ¶¶ 16-17.

The Defendants assert that the § 1983 claim is barred by LUPA because the Plaintiffs failed to timely petition under LUPA. In support of this argument, the Defendants cite to some Washington Court of Appeals cases and two cases from the Western District of Washington.

Indeed, the Washington cases cited by the Defendants do suggest that a § 1983 claim may be barred by failure to comply with the strict deadlines of LUPA. In *Asche*, the court stated that LUPA provided "a bright line rule" that "LUPA applies even when the litigant complains of lack of notice under the procedural due process clause." 132 Wn. App. at 798. That holding was extended in *Tent City 4* where § 1983 claims and due process claims were held to be barred by LUPA. 156 Wn. App. at 404-05.

However, the case law cited by the Defendants is not binding on this Court, and this Court is not convinced by the reasoning of the Washington State Court of Appeals. The rights at issue in this case arise from the Constitution of the United States and the remedy sought flows from federal statute. Federal law is the "supreme Law of the Land." U.S. Const. Art. VI, § 2. The Court concludes that § 1983 provides entry to the federal courts to defend a federal constitutional right, even one related to a LUPA action. To hold that failure to meet the LUPA

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION TO STRIKE ~ 9

deadline could bar a § 1983 claim would impose an exhaustion requirement on § 1983. It is well established that § 1983 contains no exhaustion requirement. *Patsy v Bd. of Regents of Fla.*, 457 U.S. 496, 516 (1982). In light of the supremacy of federal law, a state legislative act cannot modify § 1983 and impose an exhaustion requirement.[1]

---

[1]For the proposition that LUPA bars even constitutional claims, the *Tent City 4* opinion relies on *Asche* which, in turn, relies on *Habitat Watch v. Skagit County*, 155 Wn.2d 397 (2005). However, *Habitat Watch* does not stand for the blanket proposition that all constitutional claims arising out of land use decisions are barred by a failure to timely file a LUPA petition. In *Habitat Watch*, the plaintiffs sought to challenge the issuance of a special use permit for the construction of a golf course. *Id.* at 400. While the plaintiffs received notice of the issuance of the initial permit (and their challenge to that permit failed), the plaintiffs did not receive notice of two extensions to the permit. *Id.* Upon discovering the extensions, the plaintiffs brought a challenge, but the superior court dismissed them, citing a failure to meet LUPA's twenty-one day filing deadline. *Id.* at 404. The plaintiffs argued that because they had not received notice of the extensions, applying LUPA's deadline constituted a denial of due process. *Id.* at 410 n.8. However, the Washington State Supreme Court declined to address the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION TO STRIKE ~ 10

To show that Washington's LUPA rule applies to federal constitutional claims in federal court, the Defendants cite to two cases from the Western District of Washington, one published and one unpublished. Neither case stands for the proposition that failing to timely file a LUPA petition bars a § 1983 claim. The issue in the first case, *Baumgardner v. Ruston*, 712 F. Supp. 2d 1180, 1198-99 (W.D. Wash 2010), was whether a takings claim was ripe. The court held that the takings claim was not ripe because the plaintiff had failed to seek review of the land use decision that allegedly constituted a taking, had failed to establish that review would be futile, and had failed to seek just compensation before filing suit. *Id.* at 1199. The *Baumgardner* court's holding necessarily relies on the claim being a takings claim and is not applicable to a due process or first amendment challenge. *See Williamson Cnty. Reg'l Planning Comm'n v. Hamlton Bank of*

---

due process question because even after the plaintiffs received notice of the extensions through a public records request, the plaintiffs still failed to file a LUPA claim within twenty-one days. *Id.* In holding that *Habitat Watch* provided a "bright-line rule" barring even due process claims, the *Asche* court did not explicitly address the *Habitat Watch* plaintiff's eventual receipt of notice and failure to file within twenty-one days of that notice. *See Asche*, 132 Wn. App. 798-99.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS'
MOTION TO STRIKE ~ 11

*Johnson City*, 473 U.S. 172, 190 (1985) ("Our reluctance to examine taking claims until such a final decision has been made is compelled by the very nature of the inquiry required by the Just Compensation Clause.").

The second case relied upon by the Defendants is *Emery v. Pierce Cnty*, C08-5282BHS, 2010 WL 545530 (W.D. Wash. Feb. 9, 2010) (unpublished) *rev'd* 10-35422, 2011 WL 2141705 (9th Cir. June 1, 2011). However, to the degree that *Emery* applies LUPA to bar untimely claims, it is unclear exactly which claims are barred by LUPA. *See id.* at *4-*5. The Ninth Circuit interpreted the district court's opinion as only holding state law claims are barred under LUPA. *Emery*, 2011 WL 2141705, at *1. The only substantive claim to which LUPA appears to be directly applied is the inverse condemnation claim, and such ruling was reversed on appeal. *Id.*

Accordingly, neither case cited by the Defendants supports their argument, and the failure of the Plaintiffs to timely file a LUPA petition does not mandate summary judgment over the Plaintiffs' § 1983 claims.

The Defendants seek dismissal of claims against Richard Zais arguing that Mr. Zais was never properly served with the summons and complaint. Additionally, Defendants seek to dismiss the unnamed John Doe defendants as never having been named or served. Service must be accomplished within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). Absent a waiver of

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION TO STRIKE ~ 12

1  service, the burden is on the serving party to file proof of service and such proof

2  must be made by affidavit. Fed. R. Civ. P. 4(l). Upon a motion to dismiss for

3  failure to serve, the Court may dismiss a defendant if the plaintiff has failed to

4  effect service. Fed. R. Civ. P. 4(m).

5      The First Amended Complaint was filed on January 24, 2011. Accordingly,

6  service was to have been made no later than May 24, 2011. The Court's

7  scheduling order reflects that service was to have been made by May 15, 2011.

8  Additionally, the John Doe defendants were to have been identified by May 15,

9  2011. The Plaintiffs have not filed any proof that they have served Mr. Zais.

10 Additionally, no John Doe defendants have been identified or served.

11 Accordingly, this action will be dismissed against Mr. Zais and the John Doe

12 defendants.

13     Therefore, **IT IS HEREBY ORDERED:**

14     1. The Defendants' Motion to Expedite, **ECF No. 50**, is **DENIED**.

15     2. The Defendants' Motion to Strike, **ECF No. 48**, is **DENIED**.

16     3. The Defendants' Motion for Summary Judgment, **ECF No. 27**, is

17        **GRANTED IN PART AND DENIED IN PART**.

18     4. The Plaintiffs' claim for review under RCW 36.70C of the Yakima City

19        Council's decision upholding the hearing examiner's decision is

20        **DISMISSED WITH PREJUDICE**.

5. The Plaintiffs' claim for damages under RCW 64.40.020 is **DISMISSED WITH PREJUDICE**.

6. Defendant Richard Zais is **DISMISSED FROM THIS ACTION WITHOUT PREJUDICE**.

7. Defendants John Does Nos. 1-20 are **DISMISSED FROM THIS ACTION WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 9th of November, 2011.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION TO STRIKE ~ 14