1

2

3

4

5        UNITED STATES DISTRICT COURT

6        EASTERN DISTRICT OF WASHINGTON

7    JAIME MUFFETT, a single person,
     individually and d/b/a "JLM TALENT,          NO:  CV-10-3092-RMP
8    LLC," a Washington limited liability
     company;                                     ORDER DENYING MOTIONS
9                                                  FOR DISMISSAL
                            Plaintiff,
10              v.

11   CITY OF YAKIMA, by and through the
     members of its City Council; RICHARD
12   ZAIS, in his capacity as City Manager;
     and JOHN DOES NOS. 1-20;
13
                            Defendants.
14

15        Before the Court is Plaintiff's Motion for Approval of Voluntary Dismissal

16   without prejudice, ECF No. 92, and Defendant's Motion to Dismiss Complaint

17   with prejudice, ECF No. 82.

18        The Court has reviewed Plaintiff's motion and supporting declaration, ECF

19   No. 94; Defendant's declaration, ECF No. 100, and response opposing the

20   voluntary dismissal without prejudice, ECF No. 101; and Plaintiff's reply brief,

     ORDER DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL
     ~ 1

1    ECF No. 102; Defendant's motion and supporting memorandum, ECF No. 84, and

2    declaration, ECF No. 83; Plaintiff's response, ECF No. 97; as well as the

3    remaining pleadings and file in this case.

4    **Plaintiff's Motion for Voluntary Dismissal**

5          Plaintiff filed the motion for voluntary dismissal pursuant to Fed. R. Civ. P.

6    41(a)(2), arguing that Plaintiff's prior attorney had not properly handled this

7    lawsuit and therefore Plaintiff should have the opportunity to dismiss this lawsuit

8    without prejudice and re-file the lawsuit at a later time.  Defendant, City of

9    Yakima, objects to Plaintiff's dismissal without prejudice and the possibility of

10   being subjected to a subsequent lawsuit on the same issues that Defendant has been

11   attempting to resolve since October 7, 2010, when this lawsuit was filed.

12         "Where the request is to dismiss without prejudice, '[a] District Court should

13   grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can

14   show that it will suffer some plain legal prejudice as a result.'"  *WPP Luxembourg*

15   *Gamma Three Sarl v. Spot Runner, Inc.*, 655 F.3d 1039, 1055 n. 5 (9th Cir. 2011)

16   (internal citations omitted).  The Ninth Circuit has recognized that legal prejudice

17   should be more than just the inconvenience of having to defend the action in a

18   different forum.  *Id.*

19         In this case, the prejudice to the Defendant rises beyond mere

20   inconvenience.  This lawsuit was filed October 7, 2010.  Defendant has

ORDER DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL ~ 2

1  successfully filed a motion for summary judgment and motions to compel

2  discovery.  A second motion for summary judgment by Defendant is pending.  In

3  addition, the instant motion for voluntary dismissal was filed only after Defendant

4  filed a motion to dismiss with prejudice, ECF No. 82.

5      Plaintiff admits in his pleading that the unresponsiveness of Plaintiff's initial

6  counsel in this case was responsible for many of the discovery problems and

7  Plaintiff's failure to comply with this Court's previous orders regarding discovery.

8  However, Plaintiff argues that he should be allowed to dismiss without prejudice at

9  this late date, after Defendant has conducted significant discovery, filed multiple

10  discovery motions and two summary judgment motions, and be allowed to re-file

11  the law suit at some point in the future.

12      The Court finds that allowing Plaintiff to dismiss this case without prejudice

13  at this late date would cause significant legal prejudice to the Defendant.  The

14  Defendant submitted documentation regarding the extensive costs and efforts that

15  have been expended to defend against this lawsuit and to establish the law of the

16  case in this court.  The Court has entered orders restricting Plaintiff's submission

17  of evidence and imposing other sanctions for Plaintiff's failure to abide by the

18  Court's orders.

19      Abandoning the considerable legal effort expended by both Defendant and

20  this Court only to begin again at a later time will cause legal prejudice to the

ORDER DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL
~ 3

1    Defendant and a waste of judicial resources.  In addition, the Court finds that the

2    only basis for Plaintiff's request is that Plaintiff failed to properly prosecute this

3    case for the previous two years and is attempting to have a second bite of the apple

4    at a time convenient to the Plaintiff, even though Plaintiff initially chose the time

5    to commence the action.  Therefore, Plaintiff's Motion for Approval of Voluntary

6    Dismissal, **ECF No. 92**, is **DENIED**.

7           In a footnote, Plaintiff requests in the alternative a continuance of eight

8    months so that new counsel can prepare for this case.  However, the discovery

9    deadlines are past, there is a pending motion for summary judgment to be argued,

10   and there is no proper motion for a continuance before the Court.  Therefore, the

11   Court will not grant a motion for continuance at this juncture.

12              **Defendant's Motion to Dismiss with Prejudice**

13          Defendant relies on Fed. R. Civ. P. 12(e) and 41(b), as well as supporting

14   declarations, to support their motion for dismissal with prejudice.  Defendant's

15   argument centers on Plaintiff's failure to comply with the Court's previous orders

16   regarding discovery.

17          "In determining whether to dismiss a case for failure to comply with a court

18   order, the district court must weigh five factors including: '(1) the public's interest

19   in expeditious resolution of litigation; (2) the court's need to manage its docket; (3)

20   the risk of prejudice to the defendants; (4) the public policy favoring disposition of

ORDER DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL
~ 4

1    cases on their merits; and (5) the availability of less drastic alternatives.'" *Ferdik v.*

2    *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)(internal citations omitted).

3        As discussed previously, this case was filed in October of 2010.  The Court

4    has issued several orders, including granting motions to compel and orders

5    imposing sanctions.  Several claims already have been dismissed with prejudice.

6    A summary judgment motion is pending and noted for hearing April 9, 2012.

7    Plaintiff has substituted counsel who has become familiar with the case.

8        At this point in the litigation, the last two factors in the *Ferdik* analysis are

9    the most persuasive:  "the public policy favoring disposition of cases on their

10   merits; and (5) the availability of less drastic alternatives."  *Id.*  This case may be

11   resolved by April 9th after the hearing on Defendants' current motion for summary

12   judgment.  Regardless of whether the Court grants or denies Defendant's pending

13   motion for summary judgment, the parties will have the benefit of having focused

14   their litigation and disclosed any competing evidence, which either will move the

15   case closer to trial or result in a settlement.  In either case, the result will be less

16   drastic than a dismissal with prejudice at this stage of the litigation and provide the

17   parties with an opportunity for review of the case on its merits.

18       In addition, the Court already has penalized the Plaintiff for their repeated

19   disregard for this Court's orders and Defendant's requests for discovery, both by

20   limiting Plaintiff's use of any evidence that had not been previously disclosed and

ORDER DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL
~ 5

with monetary sanctions.  The Court declines to further sanction Plaintiff by dismissing this case with prejudice.  Therefore, Defendant's motion for dismissal with prejudice is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Plaintiff's Motion for Approval of Voluntary Dismissal, **ECF No. 92**, is **DENIED**.

2.  Defendant's Motion to Dismiss Complaint with Prejudice, **ECF No. 82**, is **DENIED**.

3.  Defendant's Second Motion for Summary Judgment, **ECF No. 103, remains set** to be heard on **April 9, 2012**, without oral argument.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 7th day of March, 2012.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER DENYING PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL ~ 6