1

2

3

4

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

8

9

10

11

12

13

| | |
|---|---|
| JAMIE MUFFETT, a single person, individually and d/b/a "JLM Talent, LLC," a Washington limited liability company, <br><br>                           Plaintiff, <br><br>     v. <br><br>CITY OF YAKIMA, by and through the members of its City Council, et al., <br><br>                       Defendants. | NO: CV-10-3092-RMP <br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

14      Before the Court are the Defendant's second motion for summary judgment,

15   ECF No. 103, and the Plaintiff's motion for partial summary judgment, ECF No.

16   129.  Oral argument on the Plaintiff's motion was heard on June 19, 2012, in

17   Spokane, Washington.  The Defendant's motion was noted without oral argument.

18   The Court has reviewed the motions, the relevant filings, the file, and is fully

19   informed.

20

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

# BACKGROUND

This action arises from Plaintiff Jamie Muffett's attempts to open an adult entertainment business in the City of Yakima, Washington.  Mr. Muffett's application for approval of his proposed adult entertainment business was denied by a hearing examiner who concluded that Mr. Muffett's proposed use violated Yakima's Urban Area Zoning Ordinance ("UAZO").

**The Yakima Ordinance and Review Procedures**

Under the UAZO, Yakima has a special section addressing adult entertainment businesses.  Yakima Municipal Code ("YMC") 15.09.200.  The section places a variety of restrictions on adult businesses related to areas like signage, operating hours, and location.  YMC 15.09.200(D)(1).  With regard to location, adult businesses cannot be located within 500 feet of a school, church, park, library, or residential zone.  YMC 15.09.200(D)(1)(a)(1)(a)-(e).  Nor can an adult business be located within 1500 feet of "a parcel supporting a similar adult entertainment use."  YMC 15.09.200(D)(2).

Apart from the special restrictions set forth in the adult business section, the section specifies that adult entertainment businesses are either a "Class (2)" or "Class (3)" use under the UAZO, depending on whether the business is to be placed in an area zoned for commercial or industrial uses.  YMC 15.09.200(C)(1).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

1    In this case, Mr. Muffett's proposed business would have been placed in a general

2    commercial zone and was a "Class (2)" use for the purposes of the UAZO.

3        Class (2) uses may be permitted after review by an administrative official to

4    determine whether the proposed use is "compatible" with the surrounding district.

5    YMC 15.04.020(B).  Class (2) uses typically are reviewed under "Type (2)"

6    review.  YMC 15.04.020(B).  Under Type (2) review, a person may apply in

7    writing to the planning department and attach a general site plan.  YMC 15.14.030.

8    The reviewing administrative official may request further information.  YMC

9    15.14.030 (citing YMC 15.11.020(B)).  The administrative official shall issue a

10   preliminary decision within seven days of the receipt of a completed application or,

11   where additional information is required, within seven days of the receipt of the

12   additional information.  YMC 15.14.040(A).  Upon preliminary approval, the

13   administrative official must notify nearby landowners of the proposed use and may

14   solicit comments from other interested parties.  YMC 15.14.040(B).  After

15   considering any comments, the administrative official may approve the application,

16   deny the application, seek additional information, condition approval on

17   modifications to the application, or refer the site plan to a hearing examiner.  YMC

18   15.14.040(C).  The administrative official must prepare written findings and

19   conclusions if he or she approves or denies the application.  YMC 15.14.040(E).

20

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

An administrative official overseeing a Type (2) review may require that a Class (2) use undergo a Type (3) review where "[i]n the opinion of the administrative official, formal public review and comment on a proposal will assist in determining necessary and proper mitigation of impacts."  YMC 15.14.020(A).  Type (3) review involves a public hearing in front of a hearing examiner, and the public may submit written information to the hearing examiner.  YMC 15.15.040(B).  Unless otherwise agreed to, within ten days of the hearing, the hearing examiner must render a written decision.  YMC 15.15.040(C).

Within fourteen days of the mailing of the hearing examiner's decision, an aggrieved party may appeal the decision to the city council.  YMC 15.16.040.  The parties then have fourteen days to file written arguments with the council.  YMC 15.16.040(B)(1).  After the fourteen-day period has expired, the planning department must deliver the hearing examiner's record to the city council within five days.  YMC 15.16.040(B)(3).  Upon receipt of the record, the city council must set a public hearing within twenty days at which it may decide the case or remand for further proceedings.  YMC 15.16.040(A), (E).

Within twenty-one days of the issuance of a land use decision from the city council, an aggrieved party may appeal such decision to the Washington State Superior Court.  RCW 36.70C.040.  The appeals process is expedited by default

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

1    and "[t]he matter must be set for hearing within sixty days of the date set for

2    submitting the local jurisdiction's record."  RCW 36.70C.090.

3    **Mr. Muffett's Application**

4         Mr. Muffett is the sole owner of JLM Talent, LLC.  ECF No. 105 at 7.  On

5    March 18, 2010, Mr. Muffett submitted an application to open a proposed adult

6    entertainment business in the City of Yakima.  ECF No. 105 at 21-22.  Joan

7    Davenport, the planning manager for Yakima, served as the administrative official

8    who handled Mr. Muffett's application.  ECF No. 104 at 3.  Ms. Davenport

9    concluded that formal public review and comment on Mr. Muffett's application

10   would be useful and opted for a Type (3) review process involving a public hearing

11   for Mr. Muffett's proposed Class (2) use.  ECF No. 104 at 4-5.

12        A public hearing was held in front of Hearing Examiner Gary Cuillier on

13   May 28, 2010.  ECF No. 105 at 28.  On July 6, 2010, Mr. Cuillier issued his

14   written decision finding that Mr. Muffett's proposed adult business did not comply

15   with the UAZO because it was not compatible with the surrounding uses.  ECF No.

16   105 at 39.  Specifically, Mr. Cuillier found that the negative secondary effects of

17   Mr. Muffett's proposed use would "likely include increased crime, especially

18   prostitution, drug and assault crimes."  ECF No. 105 at 93.  Mr. Cuillier found that

19   the district surrounding Mr. Muffett's proposed business location constituted a

20   "family and tourist-oriented location" that would suffer lost business, decreased

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5

1   property values, and blight as a result of the negative secondary impacts of Mr.

2   Muffett's proposed adult business.  ECF No. 105 at 93.

3        Mr. Muffett appealed the hearing examiner's decision to the city council.

4   ECF No. 100-01.  On September 7, 2010, a public hearing was held to address Mr.

5   Muffett's appeal.  ECF No. 105 at 105.  The city council upheld Mr. Cuillier's

6   decision by a unanimous roll call vote.  ECF No. 105 at 105.  Mr. Muffett did not

7   timely file a Land Use Petition Action to the Washington State Superior Court.

8                              **APPLICABLE LAW**

9        Summary judgment is appropriate "if the movant shows that there is no

10  genuine dispute as to any material fact and the movant is entitled to judgment as a

11  matter of law." Fed. R. Civ. P. 56(a).  A key purpose of summary judgment "is to

12  isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*,

13  477 U.S. 317, 323-24 (1986).  Summary judgment is "not a disfavored procedural

14  shortcut," but is instead the "principal tool[ ] by which factually insufficient claims

15  or defenses [can] be isolated and prevented from going to trial with the attendant

16  unwarranted consumption of public and private resources." *Celotex*, 477 U.S. at

17  327.

18       The moving party bears the initial burden of demonstrating the absence of a

19  genuine issue of material fact.  *See Celotex*, 477 U.S. at 323.  The moving party

20  must demonstrate to the Court that there is an absence of evidence to support the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6

1   non-moving party's case.  *See Celotex Corp.*, 477 U.S. at 325.  The burden then

2   shifts to the non-moving party to "set out 'specific facts showing a genuine issue

3   for trial.'"  *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ.P. 56(e)).

4   A genuine issue of material fact exists if sufficient evidence supports the claimed

5   factual dispute, requiring "a jury or judge to resolve the parties' differing versions

6   of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809

7   F.2d 626, 630 (9th Cir.1987).  At summary judgment, the court draws all

8   reasonable inferences in favor of the nonmoving party.  *Dzung Chu v. Oracle*

9   *Corp.* (*In re Oracle Corp. Secs. Litig.*), 627 F.3d 376, 387 (9th Cir. 2010) (citing

10  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  The evidence

11  presented by both the moving and non-moving parties must be admissible.  Fed. R.

12  Civ. P. 56(e).  The court will not presume missing facts, and non-specific facts in

13  affidavits are not sufficient to support or undermine a claim.  *Lujan v. Nat'l*

14  *Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

15                              **DISCUSSION**

16  **Defendant's Second Motion for Summary Judgment**

17          In seeking summary judgment, Yakima identifies the claims it believes are

18  asserted in Mr. Muffett's first amended complaint and more definite statement.

19  Yakima identifies four claims brought pursuant to 42 U.S.C. § 1983.  The claims

20  allege violations of the First Amendment, Fourth Amendment, "privacy" under the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 7

1    Fifth Amendment, and procedural due process through the Fourteenth Amendment.

2    Yakima asserts that all of the claims are based on Mr. Muffett's allegation that

3    Yakima failed to follow the UAZO when Yakima denied Mr. Muffett's application

4    for zoning approval of his proposed adult entertainment business.

5         Yakima asserts that it followed the UAZO, and, as a result, Mr. Muffett's

6    claims must fail.  Yakima further asserts that Mr. Muffett has failed to identify an

7    official policy giving rise to any of his claims as is required for municipal liability

8    for claims brought under section 1983.  *Monell v. Dep't of Soc. Servs.*, 436 U.S.

9    658 (1978).

10        In responding to the Defendant's second motion for summary judgment,

11   Mr. Muffett asserts that his claim is a facial challenge to the compatibility

12   requirement of the UAZO.  Mr. Muffett admitted that his "First Amended

13   complaint does contain a number of allegations that are no longer material to the

14   action."  ECF No. 120 at 4.  Mr. Muffett identified that "[i]t is the constitutionality

15   of th[e] 'compatibility' requirement that remains to be determined in this

16   litigation."  ECF No. 120 at 4-5.  Accordingly, Mr. Muffett does not challenge the

17   City's assertions that the City complied with the UAZO, that the city's decision

18   was based on considerations other than those mandated by the UAZO, or that Mr.

19   Muffett has failed to state claims for violations of the Fourth Amendment, the right

20

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 8

to privacy, and procedural due process. Accordingly, the Defendant prevails on those issues.

That leaves two issues raised by Yakima's second motion for summary judgment that are contested by Plaintiff: whether Mr. Muffett's amended complaint states a facial challenge to the UAZO, and whether Mr. Muffett has met the *Monell* pleading standard. These two inquiries collapse into one because the *Monell* standard is met when a plaintiff challenges the constitutionality of a municipal ordinance. *Monell*, 436 U.S. at 690. Accordingly, if the Court concludes that Mr. Muffett's amended complaint states a facial challenge to the Yakima zoning ordinances, then Mr. Muffett will have necessarily met the *Monell* standard for section 1983 claims.

**Whether the amended complaint states a facial challenge to the Yakima zoning scheme.**

A complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint meets this burden where it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 9

1  that allows the court to draw the reasonable inference that the defendant is liable

2  for the misconduct alleged." *Id.*

3      In his response to Yakima's motion for summary judgment, and in his own

4  motion for partial summary judgment, Mr. Muffett asserts that the UAZO's

5  compatibility requirement constitutes an unconstitutional prior restraint on free

6  speech.  The gist of Mr. Muffett's argument is (1) that Mr. Muffett's proposed

7  business involves nude dancing, which is protected First Amendment expression;

8  (2) that Mr. Muffett needs the permission of a government administrator before he

9  may engage in this protected First Amendment speech; and (3) that the

10  administrator has unfettered discretion in granting the permission.

11      In his complaint, Mr. Muffett alleges that he "applied for a license to open a

12  'gentlemen's club'"; that the city denied his application; and that the basis for

13  Yakima's denial was that the club was "not compatible" with other businesses in

14  the area.  ECF No. 2 at 4-5.  He then claims that such conduct violated the First

15  Amendment.  ECF No. 2 at 7.  The Court finds that the allegations contained in

16  Mr. Muffett's amended complaint are sufficient to challenge the constitutionality

17  of the compatibility requirement in the context of expressive conduct.

18      Mr. Muffett's more definite statement is consistent with his amended

19  complaint.  While Mr. Muffett's focus remains on allegations that the City failed to

20  follow the UAZO, Mr. Muffett alleges that "the defendant city has frustrated [Mr.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 10

1    Muffett's] Constitutional rights for free expression by using illegal . . . rules and

2    restrictions for [his] license application."  ECF No. 89 at 4.  One of the alleged

3    illegal restrictions is the compatibility requirement of the UAZO.  ECF No. 89 at 3.

4         Yakima's reliance on *La Asociacion De Trabajadores de Lake Forest v. City*

5    *of Lake Forest*, 624 F.3d 1083 (9th Cir. 2010), and *Wasco Prods., Inc. v. Southwall*

6    *Techs., Inc.*, 435 F.3d 989 (9th Cir. 2006), for the contention that a party may not

7    defeat a summary judgment motion by raising a new claim in its reply is simply

8    not relevant here.  In both *Wasco* and *La Asociacion*, the plaintiffs failed to allege

9    facts in their complaints supporting necessary elements of their theories opposing

10   summary judgment.  *La Asociacion*, 624 F.3d at 1088-89 (failing to allege

11   frustration of the purpose of the National Day Laborer Organizing Network as a

12   group as opposed to allegations respecting only individual members); *Wasco*, 435

13   F.3d at 992 (failing to plead the elements of civil conspiracy as necessary to toll

14   the statute of limitations).

15        Unlike the plaintiffs in *La Asociacion* and *Wasco*, Mr. Muffett has pleaded

16   sufficient facts to support his argument on summary judgment that the

17   compatibility requirement of the UAZO is an unlawful prior restraint.  While the

18   complaint and more definite statement focus on a challenge to the application of

19   the zoning ordinances, the factual allegations and reference to the First

20

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 11

1   Amendment were sufficient to put Yakima on notice that Mr. Muffett challenged

2   the compatibility requirement.

3   **Plaintiff's Motion for Partial Summary Judgment**

4          In his motion for partial summary judgment on his section 1983 claim, Mr.

5   Muffett challenges the constitutionality of the compatibility requirement of the

6   UAZO.  Section 1983 does not itself confer any rights, but is merely a mechanism

7   by which a plaintiff may enforce rights secured elsewhere. *Gonzaga Univ. v. Doe*,

8   536 U.S. 273, 285 (2002) (citing *Chapman v. Houston Welfare Rights Org.*, 441

9   U.S. 600, 617 (1979)).  To state a cause of action against a person under § 1983, a

10  plaintiff must establish (1) that the person was acting under color of state law, and

11  (2) that the person deprived the plaintiff of any rights, privileges, or immunities

12  secured by the Constitution or other law of the United States.  *Payne v. Peninsula*

13  *Sch. Dist.*, 653 F.3d 863, 872 (9th Cir. 2011).  "Local governing bodies . . . can be

14  sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . .

15  the action that is alleged to be unconstitutional implements or executes . . . a[n] . . .

16  ordinance [or] regulation." *Monell*, 436 U.S. at 690.

17         Nude dancing, of the type to be performed at Mr. Muffett's proposed club, is

18  "'expressive conduct' which falls 'within the outer ambit of the First Amendment's

19  protection.'"  *Dream Palace v. County of Maricopa*, 384 F.3d 990, 998 (9th Cir.

20  2003) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 289 (2000)).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 12

1  Accordingly, Mr. Muffett's proposed land use triggers the protections of the First

2  Amendment.  Because Mr. Muffett challenges the constitutionality of an

3  ordinance, he has appropriately stated a claim against Yakima under section 1983.

4  *Monell*, 436 U.S. at 690.

5         The basis of Mr. Muffett's constitutional challenge is that the requirement

6  under the UAZO that proposed adult entertainment businesses must undergo a

7  compatibility review and be approved by an administrative official prior to their

8  engaging in nude dancing, a protected form of expression, is an unconstitutional

9  prior restraint because the administrative official is vested with too much

10 discretion.

11        "A prior restraint exists when the enjoyment of protected expression is

12 contingent upon the approval of government officials."  *Dream Palace*, 384 F.ed at

13 1001 (citing *Near v. Minnesota*, 283 U.S. 697, 711-13 (1931)).  In *Shuttlesworth v.*

14 *City of Birmingham*, 394 U.S. 147 (1969), police arrested a group of civil rights

15 marchers for marching without first receiving a permit.  394 U.S. at 148-19.  The

16 permitting statute at issue required the issuance of a permit before any "parade or

17 procession or other public demonstration."  *Id.* at 149.  To receive a permit,

18 marchers were required to write an application in which they disclosed the

19 "probable number of persons, vehicles and animals which will be engaged in such

20 parade, procession or other public demonstration, the purpose of which it is to be

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 13

1    held or had, and the streets or other public ways over, along or in which" the event

2    is to be held.  *Id.*  A permit was to be issued upon application unless a commission

3    judged that "the public welfare, peace, safety, health, decency, good order, morals

4    or convenience required that it be refused."  *Id.* at 149-50.  The Court held that the

5    standard by which the commission was to determine whether a permit should be

6    withheld vested too much discretion in the commission and therefore constituted

7    "an unconstitutional censorship or prior restraint."  *Id.* at 150-51 (internal

8    quotations omitted).

9         In opposing Mr. Muffett's motion, the City argues that the UAZO is a

10   constitutionally permissible time, place, and manner restriction that should not be

11   subject to a prior restraint analysis.  ECF No. 152 at 2 (citing *Renton v. Playtime*

12   *Theatres, Inc.*, 475 U.S. at 41 (1986)).  However, "[t]he weight of authority

13   suggests that an unconstitutional prior restraint cannot be upheld as a 'content-

14   neutral time, place and manner' regulation."  *Diamond v. City of Taft*, 29 F. Supp.

15   2d 633, 647 (E.D. Cal 1998) (quoting *FW/PBS*, *Inc. v. City of Dallas*, 493 U.S.

16   215, 233 (1990)); s*ee also Long Beach Area Peace Network v. City of Long Beach*,

17   574 F.3d 1011, 1025 (9th Cir. 2008) (recognizing a fourth criterion to time, place,

18   and manner restrictions ensuring that a permitting scheme "'may not delegate

19   overly broad licensing discretion to a government official.'") (quoting *Forsyth*

20   *Cnty. v. Nationalist Movement*, 505 U.S. 123 (1992)).  *Shuttlesworth* supports the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 14

1    conclusion that an otherwise valid, content neutral time, place, and manner

2    restriction may be unconstitutional as a prior restraint as the permit requirement in

3    *Shuttlesworth* case was not enacted to restrict speech but was a regulation of

4    sidewalks and streets pursuant to the legitimate government interests in traffic

5    regulation and public safety.  394 U.S. at 152.  Accordingly, even if the UAZO

6    complies with the requirements of *Renton*, and is otherwise a valid time, place, and

7    manner restriction, the UAZO may still be unconstitutional if it is a prior restraint

8    that vests too much licensing discretion in public officials.

9         *FW/PBS* does not suggest otherwise.  In *FW/PBS*, the fact that the

10    procedural failings of the ordinances in *FW/PBS* were sufficient to decide the case,

11    and the fact that the Court explicitly did not reach the time, place, and manner,

12    issue, suggests that the procedural requirements imposed on prior restraints are

13    separate and in addition to the constitutional requirements of time, place, and

14    manner regulations.  *See id.* at 221-22.  Unlike the UAZO at issue in this case, the

15    portions of the licensing ordinance in *FW/PBS* that vested too much discretion in

16    licensing officials already had been stricken by the trial court and the ordinances

17    had been amended to remove the discretion prior to review by the Supreme Court.

18    493 U.S. at 223.   Similarly, in *Renton*, the ordinance at issue involved only

19    objective criteria.  *See* 475 U.S. at 43.

20

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 15

Under the UAZO, adult businesses are treated as Class (2) or Class (3) uses depending on where they are sited.  YMC 15.09.200(C)(1).  Both uses require a compatibility review.  YMC 15.04.020(B)-(C).  As a result, every proposed adult entertainment business must undergo a compatibility review before it may be approved.  Therefore, the compatibility requirement of the UAZO is functionally equivalent to a licensing scheme and serves as a prior restraint.  *See Diamond*, 29 F. Supp. 2d at 648 (because adult businesses needed to seek approval through a conditional use permit prior to engaging in business, the conditional use permit requirement acted as a prior restraint on protected expression) (citing *Shuttlesworth*, 394 U.S. at 150-51).  In addition, Yakima imposes a licensing requirement on adult businesses.  YMC 5.30.  However, the issuance of a license is contingent upon compliance with the UAZO.  YMC 5.30.030(C)(3).    If Mr. Muffett cannot meet the zoning requirement in the UAZO, he cannot receive a license under YMC 5.30.  Accordingly, the compatibility requirement of the zoning ordinance is incorporated in the licensing requirements and constitutes a prior restraint.

Because the compatibility requirement of the UAZO is a prior restraint, it must sufficiently limit the discretion of the administrative official tasked with determining the compatibility of a proposed adult use in order to withstand constitutional scrutiny.  Discretion is sufficiently limited when administrative

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 16

officials are guided by "narrow, objective, and definite standards." *Shuttlesworth*, 394 U.S. at 149. "The standards must be sufficient to 'render [the official's decision] subject to effective judicial review.'"[1] *Long Beach Area Peace Network ("LBAPN") v. City of Long Beach*, 574 F.3d 1011, 1025 (9th Cir. 2008) (quoting *Thomas v. Chi. Park Dist.*, 534 U.S. 316, 323 (2002)).

The compatibility requirement of the UAZO obliges the administrative official reviewing a Class (2) use to "promote compatibility with the intent and character of the district and the policies and development criteria of the Yakima urban area comprehensive plan."[2] YMC 15.02.020, 15.04.020. "'Compatibility'

---

[1]This requirement works in tandem with the judicial review timing requirements of *City of Littleton v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004). Where discretion is too broad for effective judicial review, the prior restraint is unconstitutional. *LBAPN*, 574 F.3d at 1025. Where prior restraint criteria are objective and simple, expedited judicial review is not required. *Littleton*, 541 U.S. at 783-84. However, where criteria are sufficiently objective to allow effective judicial review but may involve some exercise of discretion, expedited review may be appropriate. *See id.* at 782.

[2]An ordinance's terms may be further limited by "explicit textual incorporation, binding judicial or administrative construction, or well-established

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 17

means the characteristics of different uses of developments that permit them to be located near each other in harmony with or without special mitigation measures." YMC 15.02.020.

The compatibility requirement, by its plain terms, allows an administrative official to reject a proposed use based on its not being in "harmony" with the "character of the district." Such subjective standards provide no basis for a Court sitting in review to determine whether the standard has been applied correctly. The compatibility standard is neither objective nor narrow as required under *Shuttlesworth*. 394 U.S. at 149; *see also Diamond*, 29 F. Supp. 2d at 649-50. Accordingly, the UAZO's requirement that adult businesses undergo a compatibility review is an unconstitutional prior restraint.

The out-of-circuit cases cited to by the City are distinguishable from this case. In *Steakhouse, Inc. v. City of Raleigh*, 166 F.3d 634 (4th Cir. 1999), the

---

practice." *City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 770 (1988). The City has not argued that the discretion of administrative officials is limited beyond what the text of the UAZO provides and has not provided any judicial or administrative constructions or well-established practices that would bind future decision-makers in determining compatibility. Accordingly, the Court reviews the plain text of the UAZO.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 18

ordinance cabined the discretion of the licensor by requiring him or her to focus on adverse effects on such public services as "parking, traffic, and police." *Id.* at 639. Such standards constitute much more objective criteria for a reviewing court than "compatibility" and "harmony." In *Bronco's Entm't, Ltd. v. Charter Twp. of Van Buren*, 421 F.3d 440 (6th Cir. 2005), the special review requirement that was upheld by the court involved the purely objective review whether the proposed adult business complied with geographic requirements explicitly set forth in the zoning ordinance. *Id.* at 446. In contrast, the *Bronco* court struck down a portion of the adult business licensing ordinance that allowed the chief of police to deny a license if the chief "determines that the applicant is presently unfit to operate a sexually oriented business due to the applicant's overall criminal record." *Id.* at 448. Finally, the standard in *Field Day, LLC v. County of Suffolk*, 463 F.3d 167 (2nd Cir. 2006), was interpreted to allow the denial of mass gathering permits upon a determination that the gathering presented "unreasonable risks to genuine issues of life or health." *Id.* at 180. Again, that standard provides substantially greater guidance to a reviewing court than the standard provided in the UAZO. In sum, none of the out-of-circuit cases cited by the City are persuasive.

    Because the Court has concluded that application of UAZO's compatibility requirement to proposed uses involving protected expression violates the Constitution, the Court must determine whether the offending provision is

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 19

severable from the remainder of the ordinance.  Whether a municipal ordinance is severable is a question of state law.  *Leavitt v. Jane L.*, 518 U.S. 137, 139 (1996).  Under Washington law, "[t]he test for severability is whether the constitutional and unconstitutional provisions are so connected . . . that it could not be believed that the legislature would have passed one without the other."  *Kennedy v. McGuire*, 38 Wn. App. 237, 242 (1984) (internal quotations omitted) (ellipses in original).  "The presence of [a] severability clause 'offers to the courts the necessary assurance that the remaining provisions would have been enacted without the portions which are contrary to the constitution.'"  *City of Seattle v. Davis*, 32 Wn. App. 379, 385 (1982) (quoting *State v. Anderson*, 81 Wn.2d 234, 236 (1972)).  The UAZO contains a severability clause.  YMC 15.01.070.  Therefore, the Court may restrict application of the compatibility requirement without finding the remainder of the ordinance unconstitutional.

Accordingly, **IT IS HEREBY ORDERED:**

1.  The Defendant's Second Motion for Summary Judgment, **ECF No. 103**, is **GRANTED IN PART AND DENIED IN PART**.

2.  The Plaintiff's Motion for Partial Summary Judgment, **ECF No. 129**, is **GRANTED**.

3.  The City of Yakima is **PERMANENTLY ENJOINED** from enforcing the compatibility requirement of YMC 15.02.020 and 15.04.020 with

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 20

respect to conduct protected by the First Amendment unless and until the

compatibility provision is modified to conform to constitutional standards

in a manner consistent with the foregoing Order.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to

provide copies to counsel.

**DATED** this 17th day of July 2012.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
SECOND MOTION FOR SUMMARY JUDGMENT AND GRANTING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 21