UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMIE MUFFETT, a single person, individually and d/b/a "JLM Talent, LLC," a Washington limited liability company;<br><br>                 Plaintiff,<br><br>v.<br><br>CITY OF YAKIMA, by and through the members of its City Council, et al.<br><br>                 Defendants. | NO: CV-10-3092-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

Before the Court is Plaintiff Jamie Muffett's motion for reconsideration, ECF No. 279, of the Court's July 20, 2012, order excluding the Plaintiff's expert witness, ECF No. 232. The Court has reviewed the motion, the response, the declaration of David Hanson filed in support of the Plaintiff's earlier motion to continue, all other relevant filings, and is fully informed.

In the Court's July 20, 2012, order the Court excluded Mr. Hanson's testimony because he failed to appropriately apply an otherwise valid method of

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

calculating lost profits to the facts of this case. Specifically, the Court found that Mr. Hanson failed to apply the "yardstick" method because he lacked a yardstick and had failed to establish the comparability of the Seattle and Orange County adult cabarets to a hypothetical adult cabaret in the Yakima market. The Court excluded Mr. Hanson's testimony under Federal Rule of Evidence 702 and *Daubert*.[1]  Because Mr. Hanson's testimony was excluded on those grounds, the Court concluded that the Defendant's motion to exclude Mr. Hanson's testimony under Federal Rules of Civil Procedure 26 and 37 was moot.

Mr. Muffett now comes before this Court arguing that the Court should reconsider its exclusion of Mr. Hanson because Mr. Hanson now has an appropriate yardstick, Déjà Vu-Spokane, and can show comparability through census data from Wikipedia. ECF No. 247. However, even if that information was sufficient to resolve the deficiencies in Mr. Hanson's original opinion, which the Court expressly rejects, Mr. Hanson may not change his opinion on the eve of trial.

"'Rule 26(e) imposes a duty on the producing party to supplement information that is incorrect or incomplete. It does not give the producing party a license to disregard discovery deadlines and to offer new opinions under the guise of the "supplemental" label.'" *Linder v. Meadow Gold Dairies, Inc.*, 249 F.R.D.

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 2

1  625, 640-41 (2008) (quoting *Allgood v. Gen. Motors Corp.*, 02-cv-1077-DFG-
2  TAB, 2007 WL 647496, at *3 (S.D. Ind. Feb. 2., 2007)).  While the Plaintiff only
3  recently came into possession of Déjà Vu-Spokane's financial records, such
4  records were produced pursuant to a subpoena that was served well after the
5  creation of the expert report.  ECF Nos. 136, 140.  In short, the Plaintiff could have
6  sought this information at the time of obtaining the original expert but did not.
7  More importantly, the original expert report contained no information directed at
8  establishing comparability.  Mr. Hanson now wishes to consult Wikipedia for
9  census information.  Census from a reliable source was always available to Mr.
10 Hanson and could have been included in his earlier report.

11       To allow Mr. Hanson to "supplement" his report now would be to allow Mr.
12 Hanson to, in fact, produce a wholly new report on the eve of trial.  That cannot be
13 reasonably called a "supplement," and therefore cannot avoid the fact that expert
14 disclosures and the discovery deadline closed months ago.  For this reason and
15 because Plaintiff has not submitted any support to grant a motion for
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 3

reconsideration, the Court will not reconsider its exclusion of Mr. Hanson.

Accordingly, **IT IS HEREBY ORDERED:**

**1.**  The Plaintiff's motion for reconsideration, **ECF No. 279**, is **DENIED**.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 27th day of July 2012.


                                *s/ Rosanna Malouf Peterson*
                                ROSANNA MALOUF PETERSON
                              Chief United States District Court Judge