# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMIE MUFFETT, a single person individually and D/B/A "JLM Talent, LLC," A Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF YAKIMA, et al.,<br><br>Defendants. | NO: CV-10-3092-RMP<br><br>ORDER ADDRESSING MOTION FOR ATTORNEY'S FEES |

Before the Court is the Plaintiff's motion for attorney's fees, ECF No. 312, and Plaintiff's proposed bill of costs, ECF No. 309. The Court has reviewed the motion, the memoranda in support and opposition, the declarations filed by both parties, the Court's prior orders, the proposed bill of costs, the response, the reply, all other relevant filings, and is fully informed.

ORDER ADDRESSING MOTION FOR ATTORNEY'S FEES ~ 1

## BACKGROUND

This action was filed on October 7, 2010. Plaintiff alleged various causes of action against the City of Yakima ("Yakima"), the city manager Richard Zais, and a number of John Doe defendants. Among those causes of action was a claim under 42 U.S.C. § 1983 alleging that Yakima deprived Plaintiff Jamie Muffett of various constitutional rights, including his First Amendment rights, when it denied him permission to open an adult entertainment business.

At the case's inception, Mr. Muffett was represented by attorney J. Jarrette Sandlin. The Defendants moved for summary judgment in this case, which was granted in part and denied in part. ECF No. 73. As part of the order resolving the Defendants' motion for summary judgment, all of Mr. Muffett's claims, except his claim under 42 U.S.C. § 1983, and all defendants except Yakima, were dismissed. ECF No. 73 at 13-14.

After the entry of a new scheduling order, Yakima filed a second motion to dismiss this action. ECF No. 82. This second motion was based on failures by Plaintiff to meet his discovery obligations and a failure to file a more definite statement. ECF No. 83. In response, Plaintiff filed a declaration that also served as his more definite statement. ECF No. 89. Shortly thereafter, Plaintiff's counsel, Mr. Sandlin, withdrew and was replaced by new counsel, Kristin Olson, and her law firm. ECF No. 91. Plaintiff then moved for voluntary dismissal of the case

without prejudice. ECF No. 82. The Court denied both parties' motions to dismiss. ECF No. 109. A new scheduling order was entered. ECF No. 125.

Both parties filed motions for summary judgment. ECF Nos. 103, 129. The Court granted in part and denied in part the Defendant's motion for summary judgment and granted the Plaintiff's motion for summary judgment. ECF No. 226. The Court concluded that Yakima's Urban Area Zoning Ordinance was an unconstitutional prior restraint that violated the First Amendment, and the Court enjoined its enforcement. ECF No. 226 at 20-21.

While the Court's order on the parties' summary judgment motions resolved many of the important legal issues in the Plaintiff's favor, the Plaintiff's motion did not reach the issue of liability or damages. The liability issue was resolved by stipulation. ECF No. 281. A trial was held on the issue of damages. The Plaintiff sought damages for the out-of-pocket expenses he incurred while attempting to set up his proposed adult entertainment business as well as profits lost as a result of not being allowed to open the business. The Defendant opposed the lost profit damages but did not contest the liability for out-of-pocket expenses. At trial, the jury awarded $9,570.00 in out-of-pocket expenses and no money for lost profits. ECF No. 304.

/ / /

/ / /

# APPLICABLE LAW

Congress has provided that prevailing plaintiffs who bring an action to enforce the provisions of 42 U.S.C. § 1983 may be awarded reasonable attorney's fees. 42 U.S.C. § 1988(b). "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "Therefore, 'a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Mendez v. Cnty. Of San Bernardino*, 540 F.3d 1109, 1124 (9th Cir. 2008) (quoting *Hensley*, 461 U.S. at 429)).

A plaintiff "prevails" within the meaning of § 1988 when that plaintiff "obtain[s] at least some relief on the merits of his claim." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). To determine a reasonable attorney's fee under § 1988, a district court applies the so-called "lodestar" method. *Costa v. Comm'r of Soc. Sec. Admin*, 690 F.3d 1132, 1135 (9th Cir. 2012) (citing *Hensley* 461 U.S. at 433). "To calculate the lodestar amount, the court multiplies 'the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.'" *Id.* (alteration in original) (quoting *Hensley*, 461 U.S. at 433). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007). The lodestar calculation is

presumed reasonable but may be adjusted upward or downward in rare and exceptional cases. *Id.* at 946. In making that adjustment, the Court should consult the factors laid out in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), that are not already subsumed in the lodestar calculation itself. *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996).

There are twelve *Kerr* factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. Factors that have been subsumed into the lodestar calculation itself include: "'(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of the representation, . . . (4) the results obtained,' . . . and (5) the contingent nature of the fee agreement." *Morales*, 96 F.3d at 364 (first alteration in original) (citations omitted).

## DISCUSSION

The Court finds that the Plaintiff is the prevailing party in this case because the Plaintiff received injunctive, declaratory, and monetary relief, even though he did not receive lost profit damages. Accordingly, the Plaintiff should receive some

ORDER ADDRESSING MOTION FOR ATTORNEY'S FEES ~ 5

attorney's fees under § 1988. The Court must therefore calculate the lodestar amount by determining the number of hours reasonably expended on this litigation and a reasonable hourly rate for counsel's services. The Court must then determine whether the lodestar amount should be adjusted.

**Reasonable Number of Hours**

The first step in the lodestar method of calculating a reasonable attorney's fee is to calculate a reasonable number of hours spent on the litigation. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. The applicant "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.* "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). A court may also consider the degree of success obtained when determining an appropriate award of attorney's fees. *Hensley*, 461 U.S. at 435-36. While *Hensley* described the results obtained as one of the factors to be used to adjust the lodestar amount after that amount has been calculated, cases after *Hensley* have held that the results obtained by the party seeking attorney's fees is to be considered as part of the lodestar calculation. *Morales*, 96 F.3d at 364 n.9.

Ms. Olson and her firm entered this case after prior counsel had failed to respond to discovery and had failed to defeat a partial summary judgment motion by defendants. In addition, at the time that Ms. Olson began her representation, Mr. Muffett was facing a motion to dismiss. Not only did Ms. Olson successfully defend against dismissal, but Ms. Olson also successfully moved for partial summary judgment. The Court granted Plaintiff the injunctive and declaratory relief sought in that motion.

At trial, the only issues were liability and damages. Mr. Muffett sought damages for his out-of-pocket expenses in attempting to open his adult entertainment business and for the lost profits that he expected had the business been allowed to open. Yakima stipulated to its liability. ECF No. 281. Yakima also agreed that it should be liable for Mr. Muffett's out of pocket expenses but contested the amount of those expenses. Accordingly, the only issues on which the parties disagreed at trial were the existence and extent of damages for lost profits and the extent of damages for out-of-pocket expenses. Mr. Muffett sought more than $1,000,000.00 in damages for lost profits and out-of-pocket expenses. The jury verdict awarded no money for lost profits and only $9,570.00 for out-of-pocket expenses. ECF No. 304.

In determining an award of attorney's fees that accurately reflects the degree of success obtained by Plaintiff, the Court is guided by the fact that Plaintiff was

successful on his motion for partial summary judgment but generally unsuccessful at trial. The Court concludes that it is appropriate to award fees for Ms. Olson's work resulting in the entry of partial summary judgment, but it is not appropriate to award fees for all of the hours counsel seeks for work related to preparing and prosecuting the trial as Mr. Muffett was, on the whole, unsuccessful at trial.

Mr. Muffett's reliance on *Wilcox v. City of Reno*, 42 F.3d 550 (9th Cir. 1994), does not support a different result. *Wilcox* addressed whether a court could award attorney's fees under § 1988 where the plaintiff recovered nominal damages. *Id.* at 554. The *Wilcox* court concluded that an award of nominal damages did not preclude an award of fees but that a fee award must be based on something more than just the nominal damages award. *Id.* at 555. The *Wilcox* court reaffirmed the principle that discretion was held by the district court because "[t]he district court is in the best position to ascribe a reasonable value to the lawyering it has witnessed and the results that lawyering has achieved." *Id.* at 555. In *Wilcox*, the circuit upheld a fee award of $66,535.00, which was sixty percent of the fee award sought, on the basis that the plaintiff's case had achieved more than just the recovery of nominal damages because the verdict in *Wilcox* had caused the defendant city to change its policies. *Id.* at 556.

Mr. Muffett analogizes the injunctive and declaratory relief awarded in this case to the policy change that occurred in *Wilcox* and asserts that this case warrants

ORDER ADDRESSING MOTION FOR ATTORNEY'S FEES ~ 8

a full award of fees because Mr. Muffett was awarded damages in addition to the non-monetary relief.  However, to the degree that this case is similar to *Wilcox*, the appropriate attorney's fee award for Mr. Muffett's success in achieving the injunctive and declaratory relief is represented by the hours billed for the work performed on the summary judgment motion, which resulted in the injunctive and declaratory relief.  Any award for attorney's fees for trial preparation and litigation must be commensurate with the trial's success, which was an award for partial out of pocket expenses.  Unlike *Wilcox*, in which both the nominal damages award and the policy change resulted from a jury verdict, each form of relief awarded to Mr. Muffett was awarded at distinct stages in the course of this litigation.

Yakima asks this court to further discount the hours proposed by Plaintiff in light of Plaintiff's counsel's use of "block-billing," where several distinct activities are included in one block of time.  Yakima is correct that the Ninth Circuit has upheld the practice of percentage discounts for hours evidenced by block-billing. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).  However, ultimately the question is whether the party seeking fees has met its evidentiary burden to establish the reasonable hours supporting the litigation.  Therefore, to the degree that the use of any "block-billing" fails to clearly support Ms. Olson's hours

supporting particular claims, a discount may be appropriate. *Welch*, 480 F.3d at 948.

The hearing on the motions for summary judgment was held on June 19, 2012. Because a party is "entitled to all attorney's fees reasonably expending in pursuing that claim-even though she may have suffered some adverse rulings," *Cabrales v. Cnty. Of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991), the Court will award fees for all work done up to and including the hearing date with one exception. The Court declines to award fees for work opposing the Defendant's motions to exclude Plaintiff's expert witness. The Defendant's motions to exclude were successful and presaged Plaintiff's lack of success on the issue of lost profits at trial.

Accordingly, Kristin Olson's time entries from May 8, 2012, until May 14, 2012, totaling 32.2 hours will not be counted. Additionally, Ms. Olson's May 21, 2012, and May 23, 2012, entries are billed for both work that should be counted and work relating to the motions to exclude that should not be counted. The Court will give both entries half credit in light of the ambiguity. Finally, Luke Oh's time entries for May 8, 2012, and May 9, 2012, are excluded as they relate to the motions to exclude. The Court will award 97.5 hours by Kristin Olson, 19.4 hours by Randy Barnard, and 12 hours by Luke Oh for work performed up to and

including the June 19, 2012, hearing on the summary judgment motion, without credit for time spent on motions to exclude.

As to work performed from the summary judgment motion hearing until the conclusion of trial, the Court concludes that the best method of awarding an appropriate fee for counsels' work is to total up the number of hours expended from June 20, 2012, through trial and then adjust those hours down based on the level of success achieved at trial. *See generally Hensley*, 461 U.S. 424.

From the billing records provided in support of the present motion the Court finds that Ms. Olson billed 87.9 hours from June 20, 2012, to trial; Mr. Barnard billed 57 hours; and Mr. Oh did not bill any hours. The Court also finds that a discount of eighty percent best reflects the fact that Mr. Muffett sought more than one million dollars in damages but received less than ten thousand dollars, while also noting that Mr. Muffett's award for out-of-pocket expenses exceeded the out-of-pocket liability conceded by the Defendant. Therefore, the Court will award fees for 17.58 hours by Ms. Olson and 11.4 hours by Mr. Barnard for work performed from the summary judgment hearing to the conclusion of trial.

In total, the Court will award 115.08 hours for the work of Ms. Olson, 30.8 hours for Mr. Barnard, and 12 hours for Mr. Oh. In the aggregate, this award conforms to this Court's conclusion about a reasonable award based on Plaintiff's

level of success as it provides an award for slightly more than half of the hours claimed by Plaintiff's counsel.

**Reasonable Hourly Rate**

An hourly rate is reasonable where it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The fee applicant bears the burden of establishing the reasonableness of their requested rate. *Id.* The appropriate community for determining a reasonable rate is the forum district. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

In her original declaration, Ms. Olson provided information about the billable hourly rate for her law partner, an associate in her firm, and herself. Ms. Olson's law firm is in Bellevue, Washington, near Seattle, and in the Western District of Washington, not the Eastern District of Washington where the case was litigated. In her first declaration of support, Ms. Olson states that her firm's billing "rates are reasonable for attorneys with [similar] experience practicing in federal court in the Eastern District of Washington." ECF No. 314 at 2. In her second declaration, Ms. Olson also submitted a copy of her resume and explains the difficult position in which her firm found itself after taking this case over from prior counsel.

Plaintiff also filed a declaration by Richard Eymann, a Spokane-based attorney who practices in the Eastern District of Washington. Mr. Eymann declares that, while he normally takes cases on a contingency basis, if one were to convert his fee to an hourly rate it would exceed $350.00 per hour. ECF No. 332 at 2. He additionally asserts that he is "familiar with the charges of attorneys in Spokane and for those who practice in federal court" and that $350 per hour "would be fair and reasonable." ECF No. 332 at 3.

In opposition to Plaintiff's materials, Yakima filed a declaration by counsel of record Kenneth Harper and by Jerry Moberg, an attorney who also practices in the Eastern District of Washington. Mr. Harper's declaration asserts that his rate in this case is $150 per hour and his rate in other cases in the Eastern District of Washington is $175. ECF No. 328 at 2. He further asserts that, based on his experience in the approximately fifteen cases that he has been involved with in the Eastern District of Washington, "rates charged by experienced plaintiffs' attorneys tend to range between $200 and $225 per hour." ECF No. 328 at 2. Mr. Moberg concurs with Mr. Harper's assessment based on his long career involving "many cases in the Eastern District that involved claims for attorney fees." ECF No. 329 at 2.

The Court notes that the determination of a reasonable fee turns primarily on the "prevailing" rate in the applicable community. *See Perdue v. Kenny A. ex rel.*

*Winn*, 130 S. Ct. 1662, 1672 (2010). Accordingly, a reasonable rate is one that is "commonly accepted or predominant." Black's Law Dictionary 1307 (9th Ed. 2009).

Plaintiff did not submit any evidence regarding the issue of the prevailing rate in the Eastern District of Washington. Plaintiff's submissions concern the customary rates that Ms. Olson's firm charges in the Western District of Washington. *See* ECF No. 312, 331.

Mr. Eymann's declaration provides evidence of what his hourly rate would be if converted from his usual contingency fee, but the Court does not find that calculation helpful because of the variable nature of contingency fees. One of the benefits of the lodestar method is that it "*roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue*, 130 S. Ct. at 1672 (emphasis in original). While Mr. Eymann asserts familiarity with the "charges of attorneys in Spokane," he fails to identify the commonly accepted or predominant hourly rate. *See* ECF No. 332 at 3. Instead, Mr. Eymann opines that $350.00 per hour would be fair and reasonable. ECF No. 332 at 3.

Accordingly, Mr. Muffett has not provided any basis for the Court to find that either a $300.00 or $350.00 rate is reasonable in the Eastern District of Washington. Based on the Court's experience, as well as Mr. Harper's declaration

ORDER ADDRESSING MOTION FOR ATTORNEY'S FEES ~ 14

that "rates charged by experienced plaintiffs' attorneys tend to range between $200 and $225 per hour," and Mr. Moberg's statement that "[r]ates approaching or exceeding $300 per hour are, in [his] experience, uncommon," in the Eastern District of Washington, the Court finds that the record supports a reasonable rate between $200.00 and $225.00 per hour for attorneys with Ms. Olson's and Mr. Barnard's experience.

Ms. Olson and her firm entered this case after prior counsel's representation. Despite the previous litigation, Mr. Muffett did prevail in his motion for partial summary judgment on a difficult question of constitutional law. In considering the novelty and complexity of the issues, the special skill and experience of counsel, and the quality of the representation, the Court finds that a higher-end award of $225.00 per hour is appropriate.

As to Mr. Oh, the Defendant does not appear to challenge a rate of $150.00 claimed by the Plaintiff. Accordingly, the Court will apply that rate to his hours.

**Adjustment of Lodestar Amount**

The lodestar amount is presumed to represent a reasonable fee and should be adjusted only rarely. *Morales*, 96 F.3d at 363-64 n.8. The Court finds no circumstances warranting a deviation from the lodestar amount. *See Kerr*, 526 F.2d at 70.

Plaintiff, citing to out-of-circuit cases, requests compensation for various expenses and for electronic legal research costs. However, both the Third Circuit line of cases and Tenth Circuit line of cases relied on by Plaintiff allow the inclusion of certain costs into an award of attorney's fees where such costs are typically billed to private clients in the relevant community. *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1225 (3d Cir. 1995) (allowing litigations expenses "when it is the custom of attorneys in the local community to bill their clients separately for them"); *Sussman v. Patterson*, 108 F.3d 1206, 1213 (10th Cir. 1997) ("[E]xpenses should be allowed as fees only if such expenses are usually charged separately in the area."). Plaintiff has provided no evidence that it is customary in the Eastern District of Washington to bill clients for the expenses and electronic database fees claimed. Accordingly, the Court declines to award fees for those expenses.

**Final Calculation of Attorney's Fees**

Billing Ms. Olson's 115.08 hours and Mr. Barnard's 30.8 hours at $225.00 per hour and billing Mr. Oh's 12 hours at $150.00 per hour, the Court reaches a total of $34,623.00 in attorney's fees. The Court adds an additional $1,125.00 for the five hours spent in bringing the motion for attorney's fees and filing the bill of costs. ECF No. 314 at 2-3. Therefore, the grant total of attorney's fees to be awarded is **$35,748.00**.

**Bill of Costs**

Plaintiff filed a proposed bill of costs that seeks reimbursement for (1) clerk fees, (2) deposition transcript fees, and (3) witness fees. ECF No. 309. The Defendant objects to the transcript fees because the transcript of Mr. Muffett's deposition was not used by Plaintiff at trial, and the Defendant objects to the witness fees for Mr. Muffett's testimony because he is a party. ECF No. 319.

Costs for "[f]ees for printed or electronically record transcripts necessarily obtained for use in the case" may be taxed. 28 U.S.C. § 1920(2). Where a deposition transcript is not used at trial, the district court has discretion to determine whether to tax such costs. *Washington State Dept. of Transp. v. Washington Natural Gas Co., Pacificorp*, 59 F.3d 793, 806 (9th Cir. 1995). In light of the fact that the transcript was of Yakima's deposition of Mr. Muffett, the Court concludes that it was prudent of the Plaintiff to procure a transcript in advance of trial. Therefore, even though the transcript was not used, the Court will tax costs for the transcript.

Witness fees and disbursements may be taxed. § 1920(3). A witness shall be paid a $40.00 attendance fee for every day of attendance at trial. 28 U.S.C. § 1821(b). Generally, "the expenses of witnesses who are themselves parties are not taxable." *Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998). The

record provides no basis to deviate from the general rule.  Accordingly, the Court will not tax the $40.00 witness fee for Mr. Muffett's testimony.

Therefore, the Court will tax the $350.00 clerk fee and the $553.00 transcript fee for a total of $903.00.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED:**

1. The Plaintiff's motion for attorney's fees, **ECF No. 312** is **GRANTED IN PART AND DENIED IN PART**.

2. The Court awards Plaintiff **$35,748.00** in attorney's fees and **$903.00** in costs.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 11th day of December 2012.

          *s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER ADDRESSING MOTION FOR ATTORNEY'S FEES ~ 18